*Formatted for Electronic Distribution* *Not for Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**



Filed & Entered
On Docket
July 1, 2014

_____

**In re:**

    **Robert and Melissa Swartz,**      Chapter 13
                 **Debtors.**      Case # 12-10476

_____

**Jan Sensenich, Trustee, and**
**Robert and Melissa Swartz,**
                **Plaintiffs,**      Adversary Proceeding
    **vs.**      # 12-1018
**Bank of America, N.A.,**
                **Defendant.**

_____

| *Appearances:* | Steven Kantor, Esq. | Rebecca Rice, Esq. | Jan Sensenich, Esq. |
|---|---|---|---|
| | Doremus Kantor & Zullo | Cohen & Rice | Chapter 13 Trustee |
| | Burlington, VT | Rutland, VT | Norwich, VT |
| | *For Defendant* | *For Plaintiffs* | *For Plaintiffs* |

**MEMORANDUM OF DECISION**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      Jan Sensenich, Esq., the Chapter 13 standing trustee (the "Trustee"), and Robert and Melissa Swartz (the "Debtors"), (collectively, the "Plaintiffs"), commenced this adversary proceeding by filing a complaint to determine the validity of a mortgage on the Debtors' residence. Bank of America, N.A. ("BOA" or the "Defendant") moved for summary judgment, asserting that there were no issues of material fact and it was entitled to judgment in its favor as a matter of law. For the reasons set forth below, the Court finds that the Defendant has met its burden of proving that no reasonable fact-finder could return a verdict for the Plaintiffs. Accordingly, the Court grants the Defendant's motion.

**JURISDICTION**

      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by Chief Judge Christina Reiss on June 22, 2012. The Court declares the claims addressed by the instant summary judgment motion to be core matters under 28 U.S.C. § 157(b)(2)(B) and (K), over which this Court has constitutional authority to enter a final judgment.

PROCEDURAL HISTORY AND UNDISPUTED MATERIAL FACTS

On May 29, 2012, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. Before BOA filed a proof of claim ("POC") in their bankruptcy case, the Plaintiffs initiated this adversary proceeding challenging the validity of BOA's mortgage (doc. # 1) (the "Complaint"). The Complaint makes the following allegations: The Debtors executed a mortgage dated March 25, 2010 (the "Mortgage"). The description of the property in the Mortgage refers to property transferred from Franklin and Carolyn Bickford to the Debtors by warranty deed dated August 26, 2003, and recorded at Book 63, Page 658 of the Town of Mount Holly Land Records, when in fact the warranty deed was recorded at Book 63, Page 660. Id. at 2. Further, the description of the property in the Mortgage "specifically excepts the real estate currently owned by the Debtors." Thus, the Plaintiffs asserted that the Mortgage failed to give constructive notice of the Defendant's interest in the property to a bona fide purchaser, and the Trustee could therefore avoid the Mortgage using his strong-arm powers under 11 U.S.C. § 544. Id.

The Plaintiffs attached a copy of the Mortgage to the Complaint. Doc. # 1-1. The body of the Mortgage refers to the property as 604 Bowlsville Road South, Belmont, Vermont 05730 (the Debtors' actual address), and identifies the Tax ID number as 10a1008. Id. at 2. The legal description of the property in Exhibit A attached to the Mortgage, however, (1) identifies property which actually has an address of 605 Bowlsville Road South, Belmont, Vermont 05730, and (2) specifically notes that the property encumbered by the Mortgage does not include that parcel in which the mortgagee apparently intended to take a security interest – 604 Bowlsville Road South. Id. at 10-11. Nevertheless, Exhibit A does refer to the Tax Id number for the parcel as 10a1008, which corresponds to the property at 604 Bowlsville Road South. Id. at 11. The Plaintiffs also attached a copy of the warranty deed dated August 26, 2003, demonstrating the transfer of property with an address of 604 Bowlsville Road South, Belmont, Vermont 05730, from the Bickfords to the Debtors. Doc. # 1-3. The description of the property in this deed does not match the description of the property in Exhibit A attached to the Mortgage (compare doc. # 1-1 at 10-11 with doc. # 1-3).

BOA answered the complaint, generally admitting the facts set forth above, but denying that the Mortgage was invalid and denying that the Plaintiffs were entitled to relief (doc. # 7) (the "Response"). The Response further explains that the property located at 604 Bowlsville Road South is a one-acre parcel with a dwelling assessed at $500,000, and the property located at 605 Bowlsville Road South is a one-and-a-half-acre parcel with a camp assessed at $80,000. Additionally, the Response alleges that the Debtors originally purchased the property located at 605 Bowlsville Road South from the Bickfords, by deed recorded at Book 63, Page 658 of the land records. However, the Debtors later sold this property in 2009.

2

The Response then asserts several affirmative defenses, including that (1) the Mortgage is valid because it satisfies the requirements of 27 V.S.A. § 341(a), (2) it is clear from the face of the Mortgage that the description of the property in Exhibit A was a clerical error, and (3) the correct description of the property in the body of the Mortgage is enough to put any bona fide purchaser on inquiry notice.

On May 1, 2014, the Defendant moved for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56, alleging that there are no material facts in dispute, and it is entitled to judgment as a matter of law on the following grounds (doc. # 26) (the "Motion"). First, the Defendant argues the Mortgage can be enforced against the Plaintiffs because it satisfies the requirements of 27 V.S.A. § 341(a). Second, the Defendant points out that the mistaken property description in the Mortgage's Exhibit A is a mere clerical error that can be corrected by the Court. Third, the Defendant asserts that, under Vermont law, the Court may reform the Mortgage to reflect the parties' true intentions. Fourth, the Defendant claims that since the Trustee was on inquiry notice of the Mortgage, he cannot establish the requirements of a bona fide purchaser. And, finally, the Defendant contends it is entitled to be equitably subrogated to the rights of Countrywide Home Loans ("Countrywide"), the former mortgagee.

In its statement of undisputed material facts ("SUMF"), the Defendant alleges the following additional facts not in the Complaint and Response.[1] On March 25, 2010, the Debtors executed and delivered to BOA a mortgage deed to the property at 604 Bowlsville Road South (the "Mortgage"); the Mortgage was signed by both Debtors, acknowledged before a notary public, and recorded in the Mount Holly, Vermont land records.[2] Id. at 4. The Mortgage was intended to, and did, pay off Countrywide's existing loan on this property. Id. at 5. Finally, the SUMF states that the Mount Holly land records, including the town's Grand List, an alphabetical property ID listing, and a uniform residential appraisal report, all identify the parcel with a Tax ID of 10a1008 to be the property at 604 Bowlsville Road South. Id. at 3. The Defendant also attached copies of all three documents to support this assertion.

The Plaintiffs did not respond to the Motion. Accordingly, the matter was fully submitted as of May 22, 2014, and the Court took the matter under advisement.

---

[1] The SUMF also includes those facts previously laid out in discussing the Complaint and the Response. For the sake of brevity, they are not reiterated here. Vt. LBR 7056-1(a)(3) provides that "[t]he respondent is deemed to have admitted all facts in the movant's statement of material undisputed facts except to the extent that party controverts them in a statement of disputed material facts." Because the Plaintiffs did not file any statement of disputed material facts, all facts set forth in the Defendant's statement of undisputed material facts are deemed true for purposes of the instant summary judgment motion.

[2] The Court takes judicial notice of the fact that Mount Holly, Vermont is a town comprised of several villages, including Belmont. Although neither party raises the issue, the Court so notes here for the sake of clarity, for those who are not familiar with the town's structure and may question the different locations referred to in this decision.

3

## DISCUSSION

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; Fed.R.Bankr.P. 7056; see also Bronx Household of Faith v. Bd. of Educ. of the City of New York, 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing that no genuine issue of material fact exists. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 579 (2d Cir 2006).

The Bankruptcy Code provides that a Trustee "may avoid any transfer of property of the debtor or any obligation incurred by the debtor" if a hypothetical purchaser, buying at the time the bankruptcy proceedings are initiated, would also be able to avoid the obligation. In re Potter, 313 F.3d 93, 94 (2d Cir. 2002); see 11 U.S.C. § 544(a)(3).[3] Although these so-called "trustee's strong-arm powers" arise under federal law, the scope of those powers is determined by the law of the state in which the subject property is located. See In re Bridge, 18 F.3d 195, 200 (3rd Cir. 1994); In re Davis, 109 B.R. 633, 637 (Bankr. D. Vt. 1989). Thus, the Court must turn to Vermont state law to discern the applicability of these powers in the instant proceeding.

To be valid under Vermont law, a mortgage must be (1) signed by the party granting the same, (2) acknowledged by the grantor before a town clerk, notary public, master county clerk, or judge or register of probate, and (3) recorded in the clerk's office of the town in which such lands lie. 27 V.S.A. § 341(a);

---

[3]  The Complaint generally alleges that the Trustee may avoid the mortgage under § 544(a). However, § 544(a)(1) and (2) generally apply to avoidance of unperfected security interests in the debtor's personal property. See In re Borges, 510 B.R. 306, 322 (10th Cir. BAP 2014). In any event, neither of these provisions provide the Trustee with any greater powers than those conveyed by § 544(a)(3). All provisions provide a Trustee with the power to avoid liens which fail to provide him with constructive notice of the secured interests, as is illustrated by §544(a)(3):
> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any other creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by ... a bona fide purchaser of real property ... from the debtor ... that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

4

In re Stanzione, AP No. 07–1011, 2007 WL 2792844 at *4 (Bankr. D. Vt., Sept. 24, 2007). Because an invalid mortgage fails to impart constructive notice to a subsequent purchaser, Chapter 13 trustees may avoid such mortgages under § 544(a). In re Lawlor, 2005 WL 4122833 at *2 (Bankr. D. Vt., Dec. 15, 2005). However, it does not necessarily follow that a mortgage which is valid under Vermont law always provides constructive notice to a bona fide purchaser, sufficient to prevent avoidance under § 544(a)(3).[4] See Stanzione, 2007 WL 2792844 at *9.[5] Rather, the court must examine the alleged defect in the context of the entire instrument. See id.

In determining whether the instrument provides constructive notice, a court may correct errors that are clearly clerical, if it is apparent from the face of the instrument what the correction should be. In re Stanzione, 404 B.R. 762, 765 (D. Vt. 2009). A clerical error is not "one of judgment or even of misidentification, but merely of recitation[,] mechanical in nature." Id. at 766 (quotations and ellipses omitted). Under the doctrine of reformation, a court may also correct errors in an instrument that do not necessarily qualify as clerical errors, where, based on the record of the proceedings, the parties' intent is clear. See In re Ladouceur, AP No. 98-1083, 1999 WL 286436 at *2-3 (Bankr. D. Vt., April 22, 1999).

Further, a trustee's claim under § 544(a) may be defeated where the trustee is on inquiry notice of the creditor's lien. Inquiry notice is a form of constructive notice, where a person has actual or constructive knowledge of facts that would lead a reasonably prudent person to suspect that another person might have an interest in the property, and therefore obligate that person to conduct a further investigation into the facts. Davis, 109 B.R. at 639; Richart v. Jackson, 171 Vt. 94, 97-98 (Vt. 2000). "Section 544(a)(3) does not mitigate the trustee's duty . . . to examine the record of title, and the trustee may be bound by erroneous, defective or incomplete matters of record, the discovery of which would lead to further inquiry . . . If a party has sufficient facts concerning another's interest in the property to call upon him to inquire, he is charged with notice of such facts as diligent inquiry would disclose." In re Bosley, 446 B.R. 79, 87 (Bankr. D. Vt. 2011) (quotations, citations, and alterations omitted).

---

[4] The Court recognizes the precedent of In re Stanzione, 404 B.R. 762, 765 (D. Vt. 2009), which held that if the "requirements [of § 341(a)] are met then a mortgage is valid, and gives constructive notice to subsequent purchasers" under § 544(a). In that case, however, the District Court was reviewing this Court's decision which, after finding that the mortgage was valid under § 341, went on to consider whether the trustee was on constructive notice of the mortgage considering the "defect" in the context of the instrument as a whole. See Stanzione, 2007 WL 2792844 at *9. This Court would characterize that statement as dicta.

[5] In that case, the mortgage was signed by both parties, acknowledged before a notary public, and properly recorded. The issue was that, whereas the acknowledgment section would usually contain the grantors' names, this one merely referred to them as the "signers and sealers" of the instrument, and left a blank space where their names would have gone. Vermont law does not specifically require that an acknowledgment contain the grantors' names, and in considering the "defect" in the context of the instrument as a whole, this Court found that the trustee was on constructive notice of the mortgage. See Stanzione, 2007 WL 2792844 at *9.

In this case, the Defendant's first argument is that the mortgage is valid as against the Plaintiffs because it satisfies the requirements of 27 V.S.A. § 341(a) (doc. # 26 at 6-7). Here, there is no dispute that the mortgage is indeed "valid" under Vermont law, as it was signed by both Debtors, acknowledged by them before a notary public, and recorded in the Mount Holly land records. See 27 V.S.A. § 341(a); doc. # 26 at 4. However, validity under Vermont law alone is not enough to definitively provide a bona fide purchaser with sufficient notice under § 544(a). See Stanzione, 2007 WL 2792844 at *9. If a mortgage does not contain an address to which the security interest attaches, then a third party would not know which property was subject to the mortgagee's lien. If a mortgage need not contain an address to provide sufficient notice under § 544(a), then a mortgage without an address could be said to put a trustee on constructive notice that every property within the town was subject to a security interest. Such a conclusion would be absurd, and this Court declines to create such precedent. Instead, the Court holds that a mortgage must identify the property to which it relates to provide sufficient notice under § 544(a).

Here, the Mortgage identifies two distinct properties to which the lien attaches. The Defendant urges the Court to find that the description of the property in Exhibit A to the Mortgage is a mere clerical error, as the Tax ID number on Exhibit A matches the parcel at 604 Bowlsville Road South – the property identified in the body of the Mortgage. The Court finds that, based upon all the facts set forth in this proceeding, it is clear that the description of the property in Exhibit A is an error. However, the Court does not believe that the error is apparent from the face of the document. Rather, it would be perfectly reasonable to conclude from reading the instrument itself that the description of the property in Exhibit A corresponds to the address at 604 Bowlsville Road South. Moreover, even if one discerned that the description of the property on Exhibit A did not match the address recited in the body of the mortgage, it would be just as reasonable to assume that the description of the property in Exhibit A was correct, and it was the address listed in the body of the Mortgage that was in error. As such, the Court concludes that the error is not properly characterized as clerical, and it would be inappropriate, under state law and this Court's precedent, for the Court to correct the Mortgage under this authority. See Stanzione, 404 B.R. at 765.

However, what distinguishes the facts of this case from Stanzione is that here the Plaintiffs do not dispute the Defendant's assertion that the parties intended the Mortgage to encumber the property at 604 Bowlsville Road South. Accordingly, the Court finds that the parties' intent was clear, and the Mortgage may therefore be corrected under the doctrine of reformation. See Ladouceur, 1999 WL 286436 at *2-3.

Further, even uncorrected, the Mortgage, as recorded, was sufficient to put the Trustee on inquiry notice of the BOA claim of a lien on the property at 604 Bowlsville Road South. The body of the

6

mortgage contained the actual correct address to which the Mortgage was intended to apply – 604 Bowlsville Road South. This is enough to cause a reasonably prudent person to suspect that another entity may have an interest in the property at 604 Bowlsville Road South, even though the attached description of the property in Exhibit A described a different parcel. That person would be obligated to conduct a further investigation into the facts. See Davis, 109 B.R. at 639. In doing so, by, e.g., examining the Mount Holly land records such as the town's Grand List, that person would discover the Tax ID number listed in Exhibit A corresponds to the property at 604 Bowlsville Road South. This would be further evidence of the likelihood that the Mortgage actually encumbers this parcel. Therefore, the Court finds that the Trustee was on inquiry notice of the Defendant's Mortgage, and may not avoid it using his strong-arm powers under § 544(a).

Accordingly, based upon the undisputed material facts and these two grounds, the Court finds the Defendant is entitled to summary judgment.

The Defendant also argues that even if the Trustee could assert his § 544(a) powers, it would still be entitled to enforce its mortgage as it should be equitably subrogated to the rights of Countrywide, the prior mortgagee.[6] As the Court finds that the Defendant is entitled to summary judgment on alternate grounds, it need not address this argument.

## CONCLUSION

For the reasons set forth above, the Court finds that there are no material facts in dispute, the Defendant has met its burden of proving the Plaintiff could not prevail on their Complaint, and the Defendant is entitled to judgment as a matter of law. Therefore, the Defendant's Motion is granted, and judgment shall be entered in its favor.

This memorandum constitutes the Court's findings of fact and conclusions of law.

July 1, 2014  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[6] In order for the Defendant to be equitably subrogated to Countrywide's prior lien and have priority over the Trustee, the Defendant must establish that: (1) the Defendant made the payment to Countrywide to protect its own interest, (2) the Defendant did not act as a volunteer, (3) the Defendant was not primarily liable for the debt paid, (4) the Defendant paid off the entire encumbrance, and (5) subrogation would not prejudice the rights of the Trustee. GMAC Mortg., LLC v. Orcutt, 506 B.R. 52, 71 (D. Vt. 2014).

7